Shauck, J.
The record does not permit the proposition that the judgment of the circuit court *41 of Hancock county was rendered against Albright without service of summons upon him. It distinctly appears that a summons was issued and a return of personal service thereof was made and this return was in accordance with the fact. Since the answer admits the personal service of summons in the action, the only proposition which the defendant in error can make in opposition to the jurisdiction of the court in Indiana is that in order to get opportunity for personal service his adversaries had decoyed him into that state by false representations and had thus abused the process of the court. The determination of that question was peculiarly for the court whose process was alleged to have been abused. He invoked its authority by a motion to quash the writ and set aside the return. Its decision was adverse to him and as he did not resort to a superior court of Indiana, or resorted unavailingly, for a reversal of its judgment he cannot be permitted to litigate that question again in this state. This conclusion is well sustained by the cases cited in the briefs and with respect to it the courts below appear to have been in accord.
But the judge of the court of common pleas was of the opinion that although in the circumstances appearing the defendant could not be permitted to again contest the jurisdiction of the Indiana court over his person the demurrer to his answer should be overruled to the end that he might assert in the courts of this state rights which he alleged against other parties to the note on which suit was brought in the court of Indiana, although they *42 are not parties here. What rights he thought it permissible to assert here appear from the special findings of the jury in consideration of which he rendered judgment in favor of the defendant notwithstanding the general verdict against him. Respecting the special findings it is to be observed that they all relate to rights of Albright against persons who were parties to the suit in Indiana although not parties here; that they are rights arising out of the relations of parties to the note which was the foundation of the suit in the circuit court of Indiana, and that they concern facts which were existent when the suit was brought and passed to judgment in that state. Discriminating attention to these suggestions will readily exclude from controlling consideration here most of the legal propositions which are urged and the cases which are cited by counsel for the plaintiff in error. In view of the numerous decisions of the state and federal courts upon the subject of res adjudicata and the credit which the federal constitution requires to be given to the judgments of other states, original discussion of the subject is not needed and perhaps would not be interesting. In Goodrich v. Jenkins, 6 Ohio, 43, in accordance with both earlier and' later decisions of this court, it was said as the basis of decision: “The rule is inflexible in this country. In an action upon the transcript of a judgment, in a sister state, nothing can be pleaded or proved, that could have been pleaded and proved in the original *43 action, whether it was so pleaded and proved or not.”
The common pleas court erred in overruling the demurrer to the answer and in rendering judgment in favor of the original defendant notwithstanding the verdict against him, and the circuit court properly rendered judgment on the general verdict.

Judgment affirmed.

Spear, C. J., Davis, Price, Johnson and Donapiue, JJ., concur.